IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTUMN LAMPKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-647-CFC |
| | : | |
| MITRA QSR KNE, LLC, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM ORDER**

Defendant Mitra QSR KNE, LLC has moved *in limine* for "entry of an order limiting evidence that Plaintiff may introduce *in support of her claim that she was subjected to a hostile work environment.*" D.I. 113 at 1 (emphasis added). Defendant requests in its motion that the Court "exclude" at trial four categories of "[e]vidence in support of [Plaintiff's] hostile work environment claim" (*id.* at 2): (1) evidence that Plaintiff was denied breaks or received limited break time during work hours to express breast milk; (2) evidence that Plaintiff was not provided an exclusively private place to express breast milk; (3) evidence regarding the existence of a security camera in the office; and (4) evidence of the alleged harm that Plaintiff claims she suffered by the denial of breaks and the lack of a private place to express milk. *Id.* at 3. For reasons not stated, Defendant has not asked the

Court to limit Plaintiff's ability to adduce the evidence in question in support of Plaintiff's claim of gender discrimination.

The Court agrees with Defendant that Title VII is not an "accommodation statute" that imposes liability on employers for failing to provide suitable times and places for breast pumping at work. *See Doe v. C.A.R.S. Protection Plus*, 527 F.3d 358, 364 (3d Cir. 2008) (holding that Title VII, as amended by the Pregnancy Discrimination Act ("PDA"), "does not ... require preferential treatment for pregnant employees" but instead "mandates that employers treat pregnant employees the same as non-pregnant employees"); *see also Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1350 (2015) (holding that PDA did not give pregnant workers "most-favored-nation status"); *Hicks v. City of Tuscaloosa*, 870 F.3d 1253, 1260 (11th Cir. 2017) ("Taking adverse action actions based on [a] woman's breastfeeding is prohibited by the PDA[,] but employers are not required to give special accommodations to breastfeeding mothers."); *E.E.O.C. v. Houston Funding II, Ltd.*, 717 F.3d 425, 430–31 (5th Cir. 2013) (Jones, J., concurring) ("[I]f [the plaintiff] intended to request special facilities or down time during work to pump or 'express' breast milk, she would not have a claim under Title VII or the PDA . . . .").[1] Accordingly, the Court will grant Defendant's motion with respect

---

[1] At oral argument, Plaintiff agreed with Defendant that Title VII is not an accommodation statute. *See* Tr. at 141:11. Plaintiff now argues that after "reading

2

to the first and fourth categories of evidence—i.e., evidence that Plaintiff was denied breaks or received limited break time during work hours to express breast milk and evidence of the alleged harm that Plaintiff claims she suffered by the denial of breaks and the lack of a private place to express milk. The Court will not exclude or limit the jury's consideration of evidence that Plaintiff was not provided an exclusively private place to express breast milk or evidence regarding the existence of a security camera in the office. That evidence is central to understanding the circumstances in which Plaintiff's co-workers encountered her and harassed her as alleged in her complaint.

As Plaintiff believes that the four categories of evidence are relevant to her gender discrimination claim (*see* D.I. 123 at 4), and Defendant has not sought to preclude Plaintiff from introducing the evidence in question to support Plaintiff's gender discrimination claim, Plaintiff will be permitted to adduce the evidence in question at trial and can rely on that evidence in support of her gender discrimination claim. To give effect to this Order, the Court will instruct the jury that it may not consider in connection with Plaintiff's hostile work environment claim evidence that Plaintiff was denied breaks or received limited break time during work hours to express breast milk or evidence of the alleged harm that

---

*Young*" she "wishes to change her position." D.I. 123 at 2 n.1. The Court sees nothing in *Young* that would support Plaintiff's new-found position.

3

Plaintiff claims she suffered by the denial of breaks and the lack of a private place to express milk.

Wherefore, on this 28th day of January 2019, **IT IS HEREBY ORDERED** that Defendant's Motion *in Limine* (D.I. 113) is **GRANTED IN PART AND DENIED IN PART**:

1. Plaintiff is not permitted to introduce or rely on at trial in support of her hostile work environment claim (a) evidence that she was denied breaks or received limited break time during work hours to express breast milk or (b) evidence of the alleged harm that she suffered by the denial of breaks and the lack of a private place to express milk.

2. Plaintiff is permitted to introduce and rely on at trial in support of her hostile work environment claim (a) evidence that she was not provided an exclusively private place to express breast milk and (b) evidence regarding the existence of a security camera in the office.

3. This Order in no way restricts Plaintiff from introducing or relying on at trial evidence in support of her gender discrimination claim.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

4