IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTUMN LAMPKINS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 16-647-CFC |
| MITRA QSR KNE, LLC, | : |
| Defendant. | : |

## **MEMORANDUM ORDER**

The Court has reviewed Defendant's letter dated January 29, 2019 (D.I. 151). Defendant asks the Court to treat the letter "as either an amended request to also exclude 'accommodation' evidence on Plaintiff's disparate treatment claims or to reconsider and amend its earlier order based on this clarification from Defendant." *Id.* at 1. The Court DENIES Defendant's request.

The Defendant states in its letter that its failure to seek a motion *in limine* with respect to Plaintiff's gender discrimination claim was an "oversight [] made in drafting the opening paragraph of the initial letter brief." *Id.* The Court disagrees. Consistent with the opening paragraph of Defendant's initial letter brief, Defendant stated on page three of that brief that Defendant sought to limit "[e]vidence *in support of [Plaintiff's] hostile work environment claim.*" D.I. 113 at 3 (emphasis

added). Moreover, in Defendant's Opposition to Motion Filed by Plaintiff to Add Witness to Pretrial Order (D.I. 131), Defendant stated that "pending before the Court is the issue of whether Plaintiff may even use 'accommodation' evidence for her Title VII *claim of sexual harassment.*" *Id.* at 5–6 (emphasis added). Finally, at oral argument, defense counsel stated with respect to the accommodation evidence issue: (1) she was "focusing on [] the activities that plaintiff has asserted that can be used as evidence to prove *a hostile work environment*"; (2) "that's my concern"; (3) "those are the things I think go to the accommodation side *of the hostile work environment*"; and, most tellingly, (4) "*That's where I was going to focus on the motion in limine, was I don't think the plaintiff can gra[ft] an FLSA claim into a Title 7 claim and a <u>make a hostile work environment</u> relying on the requirements of FLSA.*" Tr. 167:19–168:24 (emphasis added).

Local Rule 16.3(c)(5) requires the parties to state in the Pretrial Order "the issues of law which any party contends remain to be litigated." Even though Defendant did not state in the Pretrial Order that the "accommodation evidence" issue needed to be litigated, the Court heard extensive oral argument on the issue and permitted Defendant an opportunity to brief the issue in a motion *in limine.* Defendant was, in short, afforded numerous and ample opportunities to seek an order that would limit or exclude the use of accommodation evidence for Plaintiff's gender discrimination claim.

2

To the extent Defendant is asking the Court to treat the January 29, 2019 letter as a motion for reconsideration, the request is DENIED for the reasons stated above and also because (1) Plaintiff would clearly be prejudiced by a ruling at this late date on the eve of trial that the evidence is to be excluded, and (2) Defendant has not demonstrated a legitimate basis for the Court to grant a motion for reconsideration of its earlier ruling, *see generally Max's Seafood Cafe v. Quinteros*, 176 F.3d 669 (3d Cir. 1999).

WHEREFORE, Defendant's application for relief as set forth in its letter dated January 29, 2019 (D.I. 151) is **DENIED.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　CONNOLLY, UNITED STATES DISTRICT JUDGE